IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>Guangjian DENG,<br><br>Defendant. | Case Number: CR 19-00018<br><br>**AFFIDAVIT IN SUPPORT OF<br>CRIMINAL COMPLAINT** |

I, Cristin Duenas, being duly sworn under oath, state the following:

## I.  INTRODUCTION

1. I am currently employed by the Commonwealth of the Northern Mariana Islands (CNMI) Department of Finance, Division of Customs as a Customs Officer, and have been so employed for approximately four (4) years. Since July 2016, I have been assigned to Homeland Security Investigations (HSI) at the Saipan office as a Task Force Officer. Prior to completing the HSI Task Force Officer training in September 2017, I graduated from the CNMI Division of Custom academy in November 2015. As a Customs Officer and as an HSI Task Force Officer, I have received classroom and on-the-job training in the areas of general law enforcement, criminal investigative techniques, and criminal law, including arrest, search and seizure.

2. As a Task Force Officer, I am authorized to conduct investigations and to make arrests for offenses in Title 18 of the United States Code (U.S.C.) as well as offenses of Title 8, Title 19, Title 21, Title 31, and others. As an HSI Task Force Officer, I have participated in numerous criminal investigations including (but not limited to) violations of alien harboring and employment. I have received training and actual experience relating to federal criminal procedures, federal statues and HSI regulations. The information contained within this affidavit

is based on my training and experience, and information obtained from other law enforcement agents involved with this investigation.

3. I make this affidavit pursuant to Rules 3 and 4 of the Federal Rules of Criminal Procedure in support of the Criminal Complaint filed herewith, and for the issuance of an arrest warrant for the defendant named in the Criminal Complaint, for committing the violations of Title 18 U.S.C. §§ 1028(a)(1) and (f)  (Conspiracy to Unlawfully Produce an Identification Document).

4. The elements of Title 18 U.S.C. §§ 1028(a)(1) and (f) are:

a). First, there was an agreement between two or more persons to knowingly and without lawful authority produce an identification document, authentication feature, or a false identification document which was in or affected interstate or foreign commerce;

b). Second, the defendant joined in the agreement, knowing of its purpose and intending to help accomplish that purpose.

5. The facts set forth herein are based on my direct involvement in this investigation, (including interviews I conducted), my conversations with other law enforcement officers having direct or hearsay knowledge of pertinent facts, my review of official documents and records generated and maintained by various governmental agencies and/or business entities, and information gained through my own training and experience.  Since this affidavit is being submitted for a limited purpose, I have not included each and every fact I have learned during the course of investigation.  Unless otherwise indicated, all actions, statements, and conversations that I have described in this affidavit are related in substance and in part.

6. Part of my normal duties as an HSI Task Force Officer includes responding to calls for assistance from other Federal and state law enforcement agencies regarding foreign

national subjects encountered by that agency. I and other HSI personnel often respond in person to duty calls from U.S. Customs and Border Protection (CBP) officers at the Saipan International Airport or calls from U.S. Federal Protective Service (FPS) officers. Enforcement actions that I or other HSI personnel may take as a result of responding to duty calls can range from a field interview of the subject to determine nationality/citizenship and immigration status, to criminal or administrative arrest of the subject. Once it has been established that a subject possesses valid U.S. immigration status and no criminal violations have occurred, the interview is terminated.

## II. INFORMATION ABOUT THE CNMI-ONLY CONDITIONAL PAROLE PROGRAM

7. At all times relevant to the information in this affidavit, and specifically since November 28, 2009, Chinese nationals have been able to apply for permission to enter the CNMI under a parole program. Under the parole program, Chinese nationals may be paroled only into the CNMI for business or pleasure for a temporary period of time. To be granted parole, an arriving Chinese citizen must (a) be a national of the People's Republic of China; (b) be solely entering and staying in the CNMI for a period not to exceed forty-five days; (c) be in possession of a round-trip ticket that is non-refundable and non-transferable and bears a confirmed departure date not exceeding forty-five days from the date of entry into the CNMI; (d) be in possession of a completed and signed Guam-CNMI Visa Waiver Information form (CBP Form I-736); (e) be in possession of a completed I-94, Arrival-Departure Record (CBP Form I-94); and (f) be in possession of a valid unexpired ICAO-compliant, machine-readable passport. Chinese visitors who are paroled under the program may not engage in local employment or labor for hire, and may not overstay the length of their parole.

8. CBP Form I-736—which certain foreign-born, non-immigrant, non-visa holders visiting Guam or the CNMI must complete prior to entry—includes basic questions, such as

whether the foreign-born national had ever before applied for a U.S. immigrant/non-immigrant visa, or whether the foreign-born national had ever been arrested for any offense or crime.

9. Form I-736 also contains the following certification language by the foreign-born national: "I certify that I have read and understand all the questions and statements on this form. The answers I have furnished are true and correct to the best of my knowledge and belief."

10. The foreign-born national seeking admission to the United States under the conditional parole program or other visa-waiver class of admission must then present CBP Form I-736 and other required documents to the USCBP officer conducting primary inspection of the foreign-born national.

### III. SUMMARY OF INVESTIGATION

11. On December 12, 2019, Federal Protective Service (FPS) Inspector Sean White assisted Guangjian DENG (hereinafter DENG) at the Homeland Security Investigations (HSI) office. DENG spoke a little English and inquired about a friend's property being held at HSI. DENG presented a CNMI Driver's License and a document authorizing him to obtain the items on behalf of his friend. HSI conducted a search of DENG and determined that he is a citizen of the People's Republic of China (PRC) who had overstayed his CNMI-Only conditional parole. Furthermore, HSI determined that the CNMI Driver's License presented by DENG to FPS Inspector White had been obtained using a fraudulent immigration document.

### IV. STATEMENT OF PROBABLE CAUSE

12. On December 12, 2019, DENG went to the HSI Saipan office located in the Marina Heights Building II. At the HSI office, FPS Inspector White assisted DENG, who spoke a little English. DENG presented a document that authorized him to obtain properties held in HSI's possession on behalf of SW, his friend. When asked for identification, DENG presented a

CNMI Driver's License to FPS Inspector White.

13.  HSI Task Force Officer (TFO) Cristin Duenas conducted a search within DHS systems, which identified DENG as a citizen of the PRC and is illegally present in the United States. DHS record showed that DENG entered the CNMI on November 19, 2016, and was granted CNMI-only Conditional Parole by U.S. Customs and Border Protection until December 1, 2016. DHS records also showed that DENG was administratively arrested on February 22, 2019 and is currently in removal proceedings.

14.  Since DENG had no legal immigration status, HSI personnel contacted CNMI Bureau of Motor Vehicles (BMV) personnel regarding the CNMI Driver's License possessed and presented by DENG. BMV personnel provided TFO Dubrall (a DPS Detective assigned to the HSI Task Force) with DENG's Driver's License and Operator's Permit Application Form dated June 21, 2017, copies of his PRC Driver's License, PRC Passport and U.S. immigration form I-797A, bearing the receipt number: WAC-15-044-51055, Class: CW1 listing DENG as the beneficiary with a valid date from February 1, 2016 to January 31, 2017.

15.  Upon receiving the information, Resident Agent in Charge Mark Yamanaka conducted record checks on the information listed on the I-797A. According to DHS systems, the receipt number listed on the I-797A was not valid and not assigned to DENG. Furthermore, record checks conducted on DENG's name and Date of Birth revealed no immigration petitions to include the CW-1 visa. Based on these results, it was determined that the I-797A submitted with the June 21, 2017 Driver's License and Operator's Permit Application Form was fraudulent.

16.  Utilizing a Mandarin interpreter, DENG was advised of his rights and agreed to an interview about his CNMI Driver's License he presented to FPS Inspector White. DENG stated that he knew that he has no immigration status to be present in the United States. DENG

came to Saipan to work and was recruited in China. DENG recalled that he worked for a total of two (2) months at a construction site before being told that he didn't have a job anymore. DENG stated that he needed a Driver's License in order for him to find work in the CNMI. DENG said that the Chinese recruiter offered to get him a Driver's License for $1,500 USD. DENG agreed and paid the Chinese recruiter the money and another person named "LI" helped him get a Driver's License.

17. At the BMV office, DENG recalled that LI had handed him some documents when he turned in his documents to get his CNMI Driver's License. DENG also stated that he took the written and driving test at BMV. After submitting the Driver's License application that included the fraudulent I-797A immigration form, BMV issued DENG a CNMI Driver's License on June 21, 2017.

## V. CONCLUSION

18. Based on the foregoing, I submit that there is probable cause that DENG knowingly and without lawful authority, produced a fraudulently obtained identification document to law enforcement personnel, all in violation of 18 U.S.C. §§ 1028(a)(1) and (f). I have shown this affidavit and the accompanying Criminal Complaint to Assistant United States Attorney Garth Backe, and he informed me that they are in proper form.

Respectfully submitted,

_____
Cristin Duenas, Task Force Officer
Homeland Security Investigations

Subscribed and sworn to before me on December  13  , 2019:

_____
U.S. MAGISTRATE JUDGE